# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Walter J. Himmelreich, | ) | CASE NO.: 4:10CV307 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| United States of America, | ) | |
| | ) | (Resolves Doc. 10) |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by Plaintiff Walter Himmelreich for a Temporary Restraining Order ("TRO"). The Court has been advised, having reviewed the motion and having heard argument from the parties during a telephone conference. For the reasons that follow, the motion is DENIED.

On February 11, 2010, Himmelreich filed his complaint before this Court. The complaint is an appeal from the denial of an administrative tort claim against the Government. Specifically, Himmelreich contends that the Government failed to protect him from being attacked by another inmate despite knowledge of the plan to assault him. On March 22, 2010, this Court granted Himmelreich's motion to proceed in forma pauperis and ordered that certain amounts be deducted from his prison account.

On June 18, 2010, Himmelreich filed the pending motion for a TRO, asserting claims about improper accounting involving his prison account. Himmelreich also asserts that he has lost privileges and had his housing arrangement modified because of the problems with his account.

Himmelreich's motion fails for myriad reasons. First, the underlying facts detailed in the motion are wholly unrelated to this litigation. To be clear, Himmelreich's

account had further deductions taken as a result of the grant of IFP in this matter. However, Himmelreich does not contend that this Court committed any error in its order. Instead, it is clear that the deductions resulting from this Court's order caused Himmelreich to cross over some threshold and thereafter lose privileges.  Himmelreich, therefore, concludes that this litigation is an appropriate forum to litigate the issue regarding his account.  It decidedly is not.

Himmelreich is attempting to use his TRO request to inject new claims into this litigation.  Specifically, Himmelreich seeks an order declaring that the Bureau of Prisons is improperly deducting restitution payments from his account based upon some alleged flaw in the journal entry memorializing his prior criminal conviction.  Such a claim is wholly unrelated to his pending tort complaint and thus not properly before this Court.

Furthermore, even if this Court were to entertain the claim, such a claim would be summarily rejected.  Both in his motion and during the telephone conference with the Court, Himmelreich admitted that the issue he seeks to raise[1] has been previously litigated. In that respect, the Court takes judicial notice of Himmelreich's filings in *Himmelreich v. Shartle*, 4:09CV560 (Gwin, J.).  In that matter, Himmelreich also sought a TRO based upon the exact argument he now seeks to present here.  His argument was soundly rejected and his motion denied on May 5, 2009.  See Doc. 9 in 4:09CV560.  Accordingly, res judicata bars him from attempting to relitigate the matter herein.

Finally, while not ultimately deciding the issue, the Court finds it very unlikely that Himmelreich could pursue his current relief without exhausting his administrative remedies.  To that end, there is no dispute that Himmelreich has not attempted to exhaust his administrative remedies.

---

[1] Substantively, Himmelreich contends that his sentencing judge failed to set a schedule for restitution payments and that the BOP, therefore, may not create a schedule on their own.

Based upon all of the reasons stated above, the Court finds no merit in Himmelreich's request for a TRO.  The motion is DENIED.  Furthermore, Himmelreich is advised to restrict his future filings to the subject matter of his pending complaint.  The Court will not explore tangential issues, especially those issues that Himmelreich's has previously unsuccessfully litigated.

IT IS SO ORDERED.


Date: June 24, 2010                              _____/s/ Judge John R. Adams_____
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT COURT